UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LEWIS S. FARRAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-385-B-W |
| | ) | |
| POLARIS INDUSTRIES, | ) | |
| INC. and TIDD'S SPORT | ) | |
| SHOP., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION ON OBJECTION TO REMOVAL[1]**

Lewis Farrar filed an action in the Aroostook County, Maine superior court identifying eight causes of action, all claims stemming from an accident Farrar had when operating a Polaris ERI 700 All Terrain Vehicle. Three of these causes of action are brought pursuant to the federal Consumer Product Safety Action.

Defendant Polaris Industries, Inc. filed a notice of removal dated November 6, 2008. Farrar filed an objection to removal dated November 10, 2008 (Doc. No. 11). In that objection Farrarr indicates that he is a paraplegic in a wheelchair and travel is difficult. He asserts that there is not complete diversity in the action and Polaris, as the only out-of-state party, cannot remove the case to federal court. Polaris responds the diversity issue is irrelevant because its removal was premised on this Court's jurisdiction

---

[1] This is styled as an objection to removal but it is in effect a motion for remand. There is some debate about a magistrate judge's authority to enter orders on motions to remand. The foolproof approach appears to be that I should offer the Court a recommendation on the motion. See, e.g., Vogel v. U. S. Office Prods. Co., 258 F.3d 509, 517 (6th Cir. 2001) ("agree[ing] with the Third and Tenth Circuits that remand motions are dispositive and, as such, can only be entered by district courts"); Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13 (1st Cir. 1992) (identifying the issue but seeing no need "to enter the fray at th[e] time").

over the federal question raised by the three 15 U.S.C. § 2051 counts (which seek damages under 15 U.S.C. § 2072).  (Doc. No. 6.)  Indeed, section 1441(b) of title 28 of the United States Code provides:  "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  28 U.S.C § 1441(b).  In a letter amendment to his objection, Farrar adds that he "is confined to a wheel chair as a result of 4 major back operations … in Bangor.  This results in extreme difficulty for him to travel long distances and this case would be more suitable in Houlton for Mr. Farrar."  (Doc. No. 12.)

In short Farrar's filings concerning removal do not address the obvious presence of federal subject matter jurisdiction over the Consumer Product Safety Act counts which he chose to plead in addition to his five state-law claims.  Nor does he cite to any authority in support of the proposition that a plaintiff can object to removal/seek a remand because of a serious physical inconvenience posed by litigating an action in a federal court house in the district in which the plaintiff resides. One case on point I found undermines Farrar's remand efforts.   See Powell v. Carnival Cruise Lines, No. CVF-051238RECDLB, 2005 WL 3080928, 2 (E.D.Cal. Nov. 17, 2005)("Plaintiff does not allege that Carnival's removal was procedurally defective in any way. Nor does he claim that this Court lacks subject matter jurisdiction. His sole ground for his motion is the relative difficulty of traveling to Fresno, compared to Bakersfield, where the state court sits. Section 1447(c) [of title 28] does not make inconvenience for a party a ground for remand. The Court is powerless to remand on any theory not provided for in the remand statute.").

2

For the above reasons, I recommend that the Court overrule the plaintiff's objection to removal (Doc. No. 11 ).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 8, 2007